UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHERYL YOUNG BEAR, as Legal Guardian of J.E., and J.E., a Minor Child, and SAMUEL FARMER, as Legal Guardian of C.B.S., and C.B.S., a Minor Child,<br><br>     Plaintiffs,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | CIV. 14-5071-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant United States of America filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), or in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56(c). (Docket 24). The motion is accompanied by a legal memorandum, a declaration, a portion of a deposition and two exhibits, and a statement of undisputed facts. (Dockets 25, 26, 28-1, 29-1, 30-1 & 31). Plaintiffs oppose defendant's motion. (Docket 34). Plaintiffs' response is supported by a response to defendant's statement of undisputed facts, a statement of undisputed material facts and a number of affidavits, exhibits, photographs and depositions. (Dockets 35, 41, 45 & 45-1 through 130). For the reasons stated below, defendant's motion to dismiss is granted in part and denied in part and the motion for summary judgment is denied.

**ANALYSIS**

This action is filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.*, and centers on a single motor vehicle accident on April 5, 2012, in rural Bennett County, South Dakota. (Docket 16 ¶¶ 1 & 4). A van owned by the St. Francis Indian School and driven by its employee Brian Brown went through a stop sign at a T-intersection at the junction of BIA Highway 4 and Buffalo Road. (Docket 26-1). The two minor plaintiffs were allegedly injured when the van hit an embankment and came to a stop in a field. (Docket 16 ¶¶ 4 & 7). Among other claims, plaintiffs allege Mr. Brown was negligent by failing to keep a proper lookout, speeding and failing to obey the stop sign controlling the T-intersection. Id. at ¶¶ 4-6. The government admits plaintiffs' administrative claims under the FTCA were properly submitted and denied. (Docket 17 ¶¶ 9-10). The government admits that Mr. Brown is deemed a federal employee under the FTCA. Id. ¶ 2.

RULE 12(b)(1) MOTION

Rule 12 provides in part that "a party may assert the following defenses by motion: . . . lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the

motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."  Id. (internal citation omitted). While considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party."  Great Rivers Habitat Alliance v. Federal Emergency Management Agency, 615 F.3d 985, 988 (8th Cir. 2010).  "The burden of proving federal jurisdiction, however, is on the party seeking to establish it, and this burden may not be shifted to the other party."  Id. (internal quotation marks and brackets omitted).

The government moves to dismiss counts II, III and IV of the complaint under the discretionary function exception of the FTCA.  (Docket 25 at pp. 6-11) (referencing 28 U.S.C. § 2680(a)).  Count II alleges the St. Francis Indian School negligently trained Mr. Brown in proper driving techniques, count III alleges the school negligently failed to supervise Mr. Brown in his relationship with the students traveling with him in the van, and count IV alleges the school negligently hired Mr. Brown.  (Docket 16 ¶¶ 13-17).

The discretionary function exception provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

3

28 U.S.C. § 2680(a). "The purpose of the exception is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, . . . when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy." United States v. Gaubert, 499 U.S. 315, 323 (1991) (internal citations and some quotation marks omitted).

The Supreme Court established a two-part test "in determining when the acts of a Government employee are protected from liability by § 2680(a)." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 813 (1984). "First, it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." Id. "Second, whatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." Id. at 813-14. See also Hart v. United States, 630 F.3d 1085, 1088 (8th Cir. 2011) ("First, the conduct at issue must be discretionary, involving an element of judgment or choice. The second requirement is that the judgment at issue be of the kind that the discretionary function exception was designed to shield.") (internal citation omitted).

Plaintiffs' response does not specifically address the discretionary function exception but instead moves the court for leave to file a third amended

4

complaint.[1]  (Docket 34 at pp. 3-5).  The proposed third amended complaint does not have any impact on the issues presently before the court and will not be considered at this juncture.

The United States Court of Appeals for the Eighth Circuit does "not recognize a separate cause of action for the alleged negligent hiring . . . by the government as plaintiff urges, because of the 'discretionary function' exception to the FTCA, 28 U.S.C. § 2680(a)."  Red Elk on Behalf of Red Elk v. United States, 62 F.3d 1102, 1107 (8th Cir. 1995).  "The hiring and selection of an employee is a discretionary function of the government-employer.  It is a matter based on its own judgment."  Id. at 1107 n.4.  The court grants the government's Rule 12(b)(1) motion as to plaintiffs' negligent hiring claim in count IV.

"Issues of employee supervision and retention generally involve the permissible exercise of policy judgment and fall within the discretionary function exception."  Tonelli v. United States, 60 F.3d 492, 496 (8th Cir. 1995).  However, "[f]ailure to act after notice of illegal action does not represent a choice based on plausible policy considerations."  Id.

In this case, plaintiffs allege the school administration violated a duty of reasonable supervision and training of Mr. Brown.  (Docket 16 ¶¶ 5, 11, 13-17).  Other than general allegations, plaintiffs do not identify any specific statute,

---

[1] The proposed amended complaint seeks to add as defendants the St. Francis Indian School and Brian Brown.  (Docket 48-1 at p. 1).  Counts II, III and IV are not changed, but plaintiffs seek to add Count V, a claim of *res ipsa loquitur* against Mr. Brown.  Id. at pp. 7-8.

regulation or policy which mandated a particular form of supervision or training and how that statute, regulation or policy was violated.  Tonelli, 60 F.3d at 496. Nor do plaintiffs specifically identify conduct of Mr. Brown which would mandate that the school supervise or train him before the accident.  Id.

As pled, the claims of negligent supervision and negligent training fall within the discretionary function exception.  The court grants the government's Rule 12(b)(1) motion as to plaintiffs' negligent supervision and training claims in counts II and III.

The government also moves the court to dismiss plaintiffs' "breach of trust" claim in count I.  (Docket 25 at pp. 11-12).  Plaintiffs allege the "St. Francis Indian School and its officials[] have failed to exercise its federal trust responsibility to the Rosebud Sioux Tribe and its individual members, including [the minor plaintiffs] . . . ."  (Docket 16 ¶ 10).  A "breach of trust claim is clearly not a claim arising under the FTCA."  Moran v. United States, No. CIV 07-3006, 2007 WL 4570813, at *2 (D.S.D. Dec. 26, 2007).  To the extent plaintiffs attempt to incorporate a breach of trust claim within the negligence claim of count I, the government's motion to dismiss pursuant to Rule 12(b)(1) is granted.

SUMMARY JUDGMENT MOTION

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if the movant can "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Once the moving party has met its burden, the nonmoving party may not rest on

6

the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Fed. R. Civ. P. 56(e) (each party must properly support its own assertions of fact and properly address the opposing party's assertions of fact, as required by Rule 56(c)).  Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment.  Anderson, 477 U.S. at 248.  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. (emphasis in original).

If a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate. Id.  However, the moving party is entitled to judgment as a matter of law if the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the

nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).  The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to [the factfinder] or whether it is so one-sided that one party must prevail as a matter of law."  Anderson, 477 U.S. at 251-52.

The government moves to dismiss plaintiffs' negligence claim in count I under Rule 56.  (Docket 25 at p. 17).  Viewed in the light most favorable to plaintiffs as the non-moving party, the facts are as follows.

On April 5, 2012, Brian Brown and seven boys of the St. Francis Indian School drum group were returning from a performance at Kyle, South Dakota.  (Docket 31 ¶ 2).[2]  At about 7:20 p.m. the sun was going down and it was getting darker.[3]  Id. ¶¶ 6 and 17.  According to the boys in the van, Mr. Brown was singing, talking with them and not paying any attention to the road.  (Docket 41 ¶ 9).  C.B.S., a boy in the van, testified Mr. Brown had on a CD playing powwow music.  (Docket 45-5 at p. 17:17-21).  C.B.S. said "the music was really loud" and they "were trying to talk over the music."  Id. at p. 19:2-3.  Another boy in the van, J.E., testified Mr. Brown was teaching them a new song.  (Docket 45-4 at p. 22:25-23:1).

---

[2]If a statement of undisputed fact submitted by the government is unopposed, the court will cite only to that statement.  If a statement is challenged, the court will cite to both the government's statement and the plaintiffs' response.

[3]Mr. Brown was traveling in an easterly direction from Kyle headed toward St. Francis.

Mr. Brown testified he drove around a "soft curve" in the road and at the last minute noticed the road had ended.  (Docket 31 ¶ 6).  He did not see the stop sign located at the end of BIA Highway 4 [a T-intersection with Buffalo Road], ran the stop sign, went into the ditch and crashed in a field on the other side of the ditch.  Id. ¶¶ 5-6; see also Docket 41 ¶ 3.

J.E. testified the van swerved and Mr. Brown "stepped on the gas pedal more."  (Docket 45-4 at p. 24:2-3).  J.E. said "it felt like he went faster."  Id. at p. 24:10-14.  Mr. Brown does not know if he put his foot on the gas pedal after applying the brakes.  (Docket 45-6 at p. 62:1-14).  Mr. Brown does not recall if he had the headlights on prior to the accident.  Id. at p. 55:6-7.

Mr. Brown had never driven this road before.  (Docket 31 ¶ 8).  After the accident, Mr. Brown went back to look at the intersection and noticed the stop sign was riddled with bullet holes and "the only thing that was on the pole was the outer edge of a third of that stop sign."  Id. ¶ 9.  Mr. Brown described the stop sign as being "half blown off" or "two-thirds blown off."  (Docket 45-6 at pp. 33:15-16 and 59:1-2).

Oglala Sioux Tribal Law Enforcement Officer Juergen Kevin Rascher responded to the accident.  (Docket 31 ¶ 12).  Officer Rascher observed that the "stop sign located at the end of BIA 4 was very hard to see due to graffiti and bullet holes."  Id. ¶ 13.  It was the officer's opinion that a road directional sign approximately 50 feet to the west obstructed Mr. Brown's ability to see "the stop sign in a timely manner."  Id.  The officer reported pot holes in the highway had

9

been "fixed by pouring a large amount of gravel over them," so there was "a lot of loose gravel on the asphalt road minimizing traction" at the intersection.  Id. The posted speed limit on BIA Highway 4 was 55 miles per hour.  Id. ¶ 14. Officer Rascher concluded Mr. Brown had not been speeding and he was not under the influence of drugs or alcohol.  (Docket 31 ¶¶ 14-15).  J.E. and C.B.S. testified Mr. Brown had an odor of marijuana about him and bloodshot eyes. (Dockets 45-4 at p. 46:19-20 and 45-5 at p. 62:7-10).

When resolving claims under the Federal Tort Claims Act (FTCA), federal courts look to the law of the state where the tort occurred, here, South Dakota.[4] Washington v. Drug Enforcement Admin., 183 F.3d 868, 873 (8th Cir. 1999) (Under the FTCA, "[t]he United States is liable to the same extent that a private person under like circumstances would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  The 'law of the place' refers to the substantive law of the state where the wrongful conduct took place.") (additional citations omitted); Celestine v. United States, 841 F.2d 851, 853 (8th Cir. 1988) (*per curiam*) ("Government liability under the FTCA is determined by the law of the place where the tort occurred . . . .") (additional citations omitted).

---

[4]Section 1346(b)(1) of Title 28 confers exclusive jurisdiction to the district courts over "civil actions on claims against the United States, for money damages . . . for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

10

"[Ordinarily] questions of negligence and contributory negligence are for the [fact finder] in all but the rarest cases." Robbins v. Buntrock, 550 N.W.2d 422, 427 (S.D. 1996) (citing Nelson v. Nelson Cattle Co., 513 N.W.2d 900, 903 (S.D.1994)). However, under South Dakota law, "[t]he violation of a statute enacted to promote safety constitutes negligence *per se*." Engel v. Stock, 225 N.W.2d 872, 873 (S.D. 1975) (emphasis added). The South Dakota Supreme Court has a long history of finding negligence *per se* after a person has violated a traffic law. See Engel, 225 N.W.2d at 873; Albers v. Ottenbacher, 116 N.W.2d 529, 530-32 (S.D. 1962) (defendant who operated his car in violation of a South Dakota statute regulating the brakes of motor vehicles (SDC § 44.0346) was guilty of negligence as a matter of law); Grob v. Hahn, 122 N.W.2d 460, 462 (S.D. 1963) (plaintiff was negligent in attempting to pass the defendant's vehicle); Treib v. Kern, 513 N.W.2d 908, 912-13 (S.D. 1994) (a violation of SDCL § 32-26-14) (entry of highway from alley, building, or private road) and § 32-30-20 (unsafe backing prohibited) constituted negligence *per se*).

Stopping at a stop sign is mandatory in South Dakota. "[E]very driver of a vehicle approaching a stop intersection indicated by a stop sign shall come to a full stop at a clearly marked stop line . . . ." SDCL § 32-29-2.1. South Dakota recognizes four situations where violation of a statute is excusable. Those circumstances are:

(1) Anything that would make compliance with the statute impossible;

11

>   (2)   Anything over which the driver has no control which places his car in a position violative of the statute;
>
>   (3)   An emergency not of the driver's own making by reason of which he fails to observe the statute; and
>
>   (4)   An excuse specifically provided by statute.

Engel v. Stock, 225 N.W.2d 872, 873 (S.D. 1975).  "If the 'legal excuse' [for violation of a statute] is an emergency, then the party must prove (1) that an emergency existed, (2) that he was not engaged in prior conduct which caused or contributed to the emergency, and (3) that he was unable to comply with the statute because of the emergency."  Meyer v. Johnson, 254 N.W.2d 107, 111 (S.D. 1977).

      The government claims, even viewing the evidence most favorably for plaintiffs, that "[Mr.] Brown exercised due care in driving the vehicle within the speed limit.  The end of the road was not foreseeable nor reasonably made known to Brown, who had never driven on that road before, and his attempt to stop was hampered by loose gravel preventing traction.  Even then, he was able to keep the Suburban from rolling. . . . Brown's actions were not the legal or proximate cause of the accident.  The accident was unavoidable and the case should be dismissed."  (Docket 25 at pp. 17-18).  Plaintiffs argue "[t]he STOP sign was damaged by bullet holes, but it was still clearly recognized as an octagon shaped sign with most of the lettering present, within several feet on the right hand side, just in front of the intersection."  (Docket 34 at p. 5).

The court finds there exists a genuine dispute over material facts which must be resolved at trial.  <u>Anderson</u>, 477 U.S. at 248.  Those disputed facts include:

1. Whether the road directional sign 50 feet to the west obstructed Mr. Brown's view;

2. Whether the sign at the T-intersection was still visibly recognizable as a stop sign, because of the red nature of the sign or its octagonal shape;

3. Whether Mr. Brown was distracted or inattentive;

4. Whether Mr. Brown accelerated as opposed to completing a stop; and

5. Whether Mr. Brown was confronted by a sudden emergency not of his own making.

<u>Anderson</u>, 477 U.S. at 248.  The issues discussed in this portion of the analysis are properly resolved by trial.  The court finds that summary judgment is inappropriate based on the record presented by the parties at this time.

<u>RULE 12(b)(6) MOTION</u>

The government moves to dismiss count I for failing to state a claim upon which relief can be granted.  (Docket 25 at pp. 3-5) (referencing Fed. R. Civ. P. 12(b)(6)).  "In analyzing a 12(b)(6) motion, this court assumes all factual allegations in the complaint are true, but the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal."  <u>Taxi Connection v. Dakota, Minnesota & E. R.R. Corp.</u>, 513 F.3d 823, 826 (8th Cir. 2008) (internal quotation marks omitted).

13

"A motion to dismiss should be granted if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Id.

For the reasons stated above, the court finds plaintiffs have stated sufficient facts which, if proven, would sustain a claim of negligence.  Id.

## ORDER

Based on the above analysis, it is

ORDERED that the government's motion to dismiss (Docket 24) is granted in part and denied in part.

IT IS FURTHER ORDERED that the government's Rule 12(b)(1) motion (Docket 24) is granted in part and denied in part.

IT IS FURTHER ORDERED that the government's motion for summary judgment (Docket 24) as to count I is denied.

IT IS FURTHER ORDERED that the government's Rule 12(b)(6) motion (Docket 24) as to count I is denied.

IT IS FURTHER ORDERED that counts II, III and IV of plaintiffs' amended complaint (Docket 16) are dismissed with prejudice.

IT IS FURTHER ORDERED that the portion of count I of plaintiffs' amended complaint which alleges a "breach of trust" claim (Docket 16 ¶ 10) is dismissed with prejudice.

Dated March 22, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE